**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REGINALD STEWART,                    )
                                     )
            Petitioner,              )        2:09-cv-1784-KJD-GWF
                                     )
vs.                                  )        **ORDER**
                                     )
E.K. McDANIEL, *et al.*,             )
                                     )
            Respondents.             )
_____/

Reginald Stewart, a Nevada prisoner, has filed a petition for a writ of habeas corpus (docket #1), pursuant to 28 U.S.C. § 2254. Respondents now move to dismiss the petition (docket #8), petitioner has opposed the motion (docket #10), and respondents have replied (docket #11). As discussed below, the motion to dismiss shall be granted.

**I.      Background**

Following a jury trial in March of 2003, petitioner was convicted on charges of Conspiracy to Commit Robbery, Robbery with the Use of a Deadly Weapon, Burglary While in Possession of a Firearm, Possession of a Firearm by an Ex-felon, and Robbery with the Use of a Deadly Weapon. He filed a direct appeal challenging the length of his sentence. The conviction and sentence were affirmed. Thereafter, petitioner filed a state post-conviction petition claiming he was denied the effective assistance of counsel at trial and on appeal. The petition was dismissed by the state district court on a finding that no specific facts were provided to support the issuance of a writ. This decision was affirmed by the Nevada Supreme Court on April 19, 2005.

1    Sometime later, in July of 2009, petitioner filed a state petition for writ of habeas

2  corpus seeking relief for disciplinary matters.  An evidentiary hearing was held and the petition was

3  denied on November 6, 2009.  No appeal was taken.

4    This matter was commenced by petitioner in September of 2009, with a petition for

5  writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising a claim of cruel and unusual punishment

6  in violation of the Eighth Amendment; a claim of denied equal protection in violation of the

7  Fourteenth Amendment, and a second claim of cruel and unusual punishment arising from alleged

8  retaliation during incarceration.

9    Respondents now move to dismiss the petition contending grounds one and two are

10  untimely filed and ground three fails to state a claim which can be redressed in this action on a

11  petition for writ of habeas corpus.

12  **II.    Analysis**

13    A.    Statute of Limitations

14    Under the AEDPA statute of limitations, a petition for writ of habeas corpus generally

15  must be filed within one year from "the date on which the judgment became final by conclusion of

16  direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).  The

17  Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C.

18  §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ

19  of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the

20  petitioner actually files such a petition.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

21    This petition was brought more than four years after petitioner completed litigating

22  his state post-conviction petition in April of 2005.  *See* Exhibit 10.[1]   Thus, it is clearly outside the

23  one-year limitations period.  Petitioner appears to argue that the limitation period should be tolled

24

25    [1] The exhibits referenced in this order were filed by respondents in support of their motion to
dismiss the petition and are found with that document in the court's docket at number 8.

26

1   because the one-year period begins "when the facts became discoverable through due diligence."

2   Opposition (docket #10).  He suggests that because he "did not argue these facts" he should be

3   allowed to do so now.

4              "When external forces, rather than a petitioner's lack of diligence, account for the

5   failure to file a timely claim, equitable tolling [of the statute of limitations] may be appropriate."

6   *Lott v. Meuller,* 304 F.3d 918, 922 (9th Cir. 2002) citing *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th

7   Cir. 1999).  Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's

8   control make it impossible to file a petition on time."  *Miranda*, 292 F.3d at 1066 (*quoting Calderon*

9   *v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on*

10  *other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en*

11  *banc*))(emphasis in original). Generally, a litigant seeking equitable tolling bears the burden of

12  establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

13  extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo,* 544 U.S.408, 417  (2005).

14  However, petitioner offers no excuse for his failure to raise the instant claims in a timely manner,

15  except for the inadequacy of the prison law library.  Because the facts and basic principals of the

16  claims raised were known to petitioner in his state court proceedings, his proffered excuse carries no

17  persuasive value.

18             Because the petition was filed more than four years after petitioner completed his

19  state post-conviction review, it is untimely and must be dismissed.

20          B.      Conditions of Confinement

21             In ground three, petitioner complains of retaliation while incarcerated.  While this

22  claim is similar to the one raised in his second post-conviction petition, it is not a valid claim in this

23  action.  Challenges to conditions of confinement are not properly raised in federal habeas

24  proceedings.  *See Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Badea v. Cox,* 931 F.2d 573, 574

25  (9th Cir. 1991).

26

1    C.    Exhaustion

2        Finally, respondents note that none of the grounds for relief presented in this petition

3    have previously been presented to the Nevada Supreme Court.  This contention is supported by a

4    review of the claims presented in petitioner's direct appeal and in his appeal on the original post-

5    conviction petition.  The claims herein are unexhausted and this court cannot grant relief.  *Rose v.*

6    *Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

7        The motion to dismiss shall be granted.

8    **III.    Certificate of Appealability**

9        In order to proceed with his appeal, petitioner must receive a certificate of

10   appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

11   F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

12   2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

13   right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

14   U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

15   district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

16   U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

17   that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

18   or that the questions are adequate to deserve encouragement to proceed further. *Id.*

19       Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

20   Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

21   the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

22   notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

23   considered the issues raised by petitioner, with respect to whether they satisfy the standard for

24   issuance of a certificate of appealability, and determines that none meet that standard.  The Court

25   will therefore deny petitioner a certificate of appealability.

26

4

1    **IT IS THEREFORE ORDERED** that the Motion to Dismiss (docket #8) is

2  **GRANTED**.  The petition is **DISMISSED WITH PREJUDICE.**

3    **IT IS FURTHER ORDERED** that no certificate of appealability shall be granted.

4  The clerk shall enter judgment accordingly.

5    DATED:  June 15, 2010.

6

7  _____

8  UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5